# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**ELVIN TYRONE JOEL SCOTT,**
**BRIAN MOORE, and**
**DERRICK BOGAN**                                                                 **PLAINTIFFS**

V.                              CASE NO. 3:14-CV-00281 JLH/BD

**LARRY MILLS and**
**JOEY MARTIN**                                                                   **DEFENDANTS**

## INITIAL ORDER FOR PRO SE PRISONER-PLAINTIFFS

The Plaintiffs have filed this federal civil rights lawsuit pro se, that is, without the help of a lawyer. There are rules and procedures that they must follow in order to proceed with the lawsuit, even though they are not lawyers.

**First: Follow All Court Rules.** Plaintiffs must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. Copies of rules can be found in the jail library.

In particular, Local Rule 5.5(c)(2) explains requirements for plaintiffs who are not represented by a lawyer:

1. They must promptly notify the Clerk and the other parties in the case of any change in address. They must inform the court if they are transferred from one unit to another. Notifying the court a change in address is especially important if plaintiffs are released from custody while the lawsuit is pending. If plaintiffs do not keep the court informed as to their current address, the lawsuit can be dismissed.
2. Plaintiffs must monitor the progress of the case and prosecute the case diligently.
3. **Plaintiffs must sign all pleadings and other papers filed with the court, and each paper filed must include a current address.**
4. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case can be dismissed, without prejudice.

**Second: Pay the Filing Fee.**  Every civil case filed by a prisoner – including this one – requires that each plaintiff pay a filing fee either at the beginning of the lawsuit or, if he cannot afford to pay the entire fee in a lump sum, to apply to proceed *in forma pauperis* ("IFP").  Mr. Scott has filed an application to proceed IFP and submitted all necessary documents.  **His IFP motion (docket entry #1), therefore, is GRANTED**.  He will still pay a $350.00 filing fee, but the fee will be collected in monthly installments from his prison account.

Based on balances in Mr. Scott's jail trust account, the Court will not assess an initial partial filing fee.  The filing fee will be withdrawn from his jail account in monthly installments until the filing fee is paid in full.  Monthly withdrawals will be made until the $350.00 is fully paid, even if the lawsuit is dismissed before trial.

**Third: No Right to Appointed Counsel.**  This is a civil case.  Unlike criminal cases, there is no right to have an appointed lawyer in a civil case.  If the case proceeds to a jury trial, however, a lawyer will be appointed to assist a plaintiff before trial.

**Fourth: Do Not File Your Discovery Requests.**  Discovery requests, such as interrogatories and requests for documents, are not to be filed with the court.  Instead, discovery requests should be sent to counsel for the defendant (or directly to the defendant if he or she is not represented by a lawyer).  No discovery should be sent to a defendant until after that defendant has been served with the complaint.

**Fifth: Do Not Send Documents to Court Except in Two Situations.**  Plaintiffs may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the court orders you to send documents or other evidence.

**Sixth: Provide a Witness List.**  If the case is set for trial, as the trial date approaches, plaintiffs will be asked to provide a witness list.  After reviewing the witness list, the Court will subpoena necessary witnesses.

Here, because Plaintiffs did not sign the complaint, **they must file an amended complaint within thirty days.**  In addition, although Brian Moore and Derrick Bogan are listed as Plaintiffs in this lawsuit, neither of those inmates submitted an IFP application or paid the filing fee.  Moreover, the allegations in the Complaint do not relate to either Mr.

2

Moore or Mr. Bogan.  **Therefore, if either of these inmates wants to proceed in this lawsuit, each must file a complete IFP application or pay the statutory filing fee within 30 days.  In addition, each must submit a signed, amended complaint explaining how their constitutional rights have been violated.**  Failure to comply with this Order could result in the dismissal of some, or all, of the claims raised.

The Clerk of the Court is instructed to provide Mr. Moore and Mr. Bogan IFP applications, along with copies of this Order.

In addition, the Clerk of the Court is directed to send a copy of this Order to the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611, the Arkansas Department of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612, and the Warden/Director of the Poinsett County Detention Center, 1500 Justice Drive, Harrisburg, Arkansas 72432.

IT IS SO ORDERED, this 4th day of December, 2014.

_____
UNITED STATES MAGISTRATE JUDGE